Filed 8/1/13  In re Lopez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re VALENTIN LOPEZ<br><br>on Habeas Corpus. | G048526<br><br>(Super. Ct. No. 10HF0236)<br><br>O P I N I O N |

Original proceedings; petition for a writ of habeas corpus to file a timely notice of appeal.  Petition granted.

Valentin Lopez, in pro. per., for Petitioner.

Kamala D. Harris, Attorney General, and Julie L. Garland, Assistant Attorney General for Respondent.

\*          \*          \*

THE COURT: *

Valentin Lopez seeks relief from the failure to file a timely notice of appeal. The petition is granted.

On October 12, 2012, Valentin Lopez was sentenced to two concurrent terms of 15-years to life in prison as a result of a plea agreement. According to Lopez, at the sentencing hearing he told counsel that he wanted to file an appeal, but instead of assisting Lopez, who required the assistance of an interpreter, counsel advised Lopez to file a petition for a writ of habeas corpus and said "that was his remedy."

The principle of constructive filing of the notice of appeal should be applied in situations where a criminal defendant has asked counsel to file a notice of appeal on his behalf and counsel fails to do so in accordance with the law. (*In re Benoit* (1973) 10 Cal.3d 72, 87-88.) This is because a trial attorney is under a duty to either file the notice of appeal, or tell the client how to file it himself. In this case, after Lopez was sentenced, he asked trial counsel to file a notice of appeal. Instead of filing the notice of appeal on Lopez's behalf, or explaining to Lopez how he can file it himself, counsel advised Lopez that filing a petition for writ of habeas corpus was his remedy and took no further action. Based on the principles set forth in *In re Benoit*, Lopez was entitled to advice from counsel explaining how to file a timely notice of appeal and therefore he is entitled to the relief requested.

The Attorney General does not oppose Lopez's request for relief to file a late notice of appeal without the issuance of an order to show cause. (*People v. Romero* (1994) 8 Cal.4th 728.)

The petition is granted. On petitioner's behalf, Appellate Defenders, Inc. is directed to prepare and file a notice of appeal, and if necessary the request for certificate of probable cause, in Orange County case number 10HF0236, and the Clerk of the

---

* Before Rylaarsdam, Acting P.J., Moore, J., and Ikola, J.

2

Superior Court is directed to accept the notice for filing if presented within 30 days of this opinion becoming final.  Further proceedings, including the preparation of the record on appeal, are to be conducted according to the applicable rules of court.  In the interest of justice, the opinion in this matter is deemed final as to this court forthwith.